CARLIE CHRISTENSEN, United States Attorney (No. 633)
JOHN W. HUBER, Assistant United States Attorney (No. 7226)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 2:10 CR 844 TS |
| Plaintiff, : | |
| vs. : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| WALTER EDMUND BOND, : | Judge Ted Stewart |
| Defendant. : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Counts 1 and 3 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand each charge and what the government is required to prove in order to convict me.

The elements of Counts 1 and 3, Arson Damaging Property in Interstate Commerce, 18 U.S.C. § 844(i), are: (1) the defendant did maliciously damage or destroy, or attempted to damage or destroy; (2) a building or other real or personal property; (3) that is used in interstate or foreign commerce; (4) by means of fire.

2. I know that the maximum possible penalty provided by law for Counts 1 and 3, violations of 18 U.S.C. § 844(i), is a term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, and a term of supervised release of up to 5 years.

I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know

the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to statute.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> (h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.  If I plead guilty, I will not have a trial of any kind.

8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

Count 1: On or about June 5, 2010, in the Central Division of the District of Utah, I did intentionally and maliciously start a fire at the Tandy Leather Factory Store in Salt Lake City, Utah. I intended to damage or destroy the building and its contents by arson, and thereby interfere with the business operations. In fact, my actions resulted in over $10,000 of damage. I acknowledge that the business is an animal enterprise. I further acknowledge that the building and its contents were used in interstate commerce, and that I traveled in interstate commerce to commit the acts. I admit that my conduct violated all the elements that the United States would have to prove at trial pursuant to Title 18, United States Code, Section 844(i) (Arson Damaging Property in Interstate Commerce).

Count 3: On or about July 2, 2010, in the Central Division of the District of Utah, I did intentionally and maliciously start a fire at the Tiburon Fine Dining restaurant in Sandy, Utah. I intended to damage or destroy the building and its contents by arson, and thereby interfere with the business operations. In fact, my actions resulted in over $10,000 of damage. I acknowledge that the business is an animal enterprise. I further acknowledge that the building and its contents were used in interstate commerce, and that I traveled in interstate commerce to commit the acts. I admit that my conduct violated all the elements that the United States would have to prove at trial pursuant to Title 18, United States Code, Section 844(i) (Arson Damaging Property in Interstate Commerce).

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

(1) I will plead guilty to Counts 1 and 3 of the Indictment;

(2) If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty for any reason, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

(3) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution for false statement under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under U.S.S.G. § 3C1.1;

(4) To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

(5) I understand the amount of restitution will determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664 and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(6) I understand and agree that payment of any restitution owed should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay, the failure can be considered a violation of probation or supervised release and pursuant to 18 U.S.C. § 3614, the court can re-sentence me to any sentence which might originally been imposed in my case.

(7) Fully understanding my limited right to appeal my sentence, as noted above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

B. The United States agrees:

(1) To move to dismiss Counts 2 and 4 at the time of sentencing, should the defendant comply with his commitments in this plea agreement.

(2)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense (or offenses) up to and including at the time of sentencing, and including not falsely or frivolously denying any relevant conduct, and complying with all the financial disclosure obligations of this agreement;

(2)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction. If the government determines that the defendant has not accepted responsibility and declines to move the Court for this additional level, the defendant will not receive it;

> NOTE: The Court does not have to follow the government's recommendation, or any recommendation in the pre-sentence

report, and if it does not, the defendant will not be allowed to withdraw the plea of guilty for that reason. Even if the defendant receives an offense level reduction for acceptance of responsibility, the Court will not be able to sentence the defendant to a sentence which is less than the statutory mandatory minimum of 5 years required on Counts 1 and 3, unless the defendant qualifies for a sentence below the mandatory minimum sentence pursuant some other provision of law.

(3)  To not seek consecutive terms of imprisonment for the conduct outlined in Count 1 (June 5, 2010, Tandy Leather Factory Store), and the conduct outlined in Count 3 (July 2, 2010, Tiburon Fine Dining), as may be imposed pursuant to 18 U.S.C. § 3584.

C.  The defendant and the United States mutually acknowledge:

(1)  That the United States reserves the right to seek an upward guideline departure or variance, and will file such a motion if the United States determines that it is warranted after review of the final pre-sentence report. The defendant does not in any way acknowledge herein that an upward departure or variance is appropriate, however, and will oppose such a motion on its merits.

(2)  That the parties will each argue their respective positions regarding the issue of whether the term of imprisonment in this matter should be consecutive or concurrent to the term of imprisonment that the defendant is presently serving (issued in the United States District Court for the District of Colorado, case number 1:10 CR 389 CMA).

\*   \*   \*   \*

I make the following representations to the Court:

1. I am 35 years of age. My education consists of Trade School. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 6th day of July, 2011.

_____
Walter Edmund Bond
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 6th day of July, 2011.

Nathan A. Crane
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 6 day of July, 2011.

CARLIE CHRISTENSEN
Acting United States Attorney

JOHN W. HUBER
Assistant United States Attorney